# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      **v.**                                                       **Criminal Action No. 1:06CR120**

**MICHAEL J. TWIGG, a/k/a "Big Mike,"**
        **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Michael J. Twigg, in person and by counsel, James B. Zimarowski, appeared before me on February 22, 2007. The Government appeared by John C. Parr, its Assistant United States Attorney.

Defendant was placed under oath.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count One of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

The Court continued with the Rule 11 proceeding inquiring of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court

a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Michael J. Twigg, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count One of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and

2

understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not less than five (5) years but not more than forty (40) years; understood the maximum fine that could be imposed was $2,000,000.00; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least four (4) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated January 30, 2007, and signed by him on February 6, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and

3

Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulation contained in the written agreement.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4, 1B1.3, and 2D1.1 [Application Note 12] of the Guidelines, the parties hereby stipulate and agree that the total drug relevant conduct of the defendant is between three and a half (3.5) kilograms and five (5) kilograms of cocaine. Pursuant to Sections 6B1.4, 1B1.3, 2D1.6 and 2D1.1 [Application Note 12] of the Guidelines, the parties further agree that a two level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) is appropriate for the possession of a firearm.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to Count One of the Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count One of the Indictment, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he

expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted. Defendant preserved his right to argue for a sentence below the advisory range, while waiving any right he may have pursuant to the Blakely and Booker line of cases. He agreed the Court will make factual determinations for sentencing, including any enhancements and relevant conduct for determining an advisory guideline range by a preponderance of the evidence standard.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his waiver of his appellate rights as contained in the written plea agreement, and determined he understood those rights and voluntarily gave them up as part of the written plea bargain agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count One of the Indictment, including the elements the United States would have to prove at trial, charging him with conspiracy to distribute more than five hundred (500) grams of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

The Court then received the sworn testimony of Richard Nicoloff to provide an independent basis in fact for the plea of Guilty.

Richard Nicoloff testified he is a Senior Special Agent with the Department of Homeland Security Immigration and Customs Enforcement ("ICE"). He became aware of an investigation involving cocaine and cocaine distribution in Monongalia County, West Virginia in 2006. He worked with the Mon Valley Drug Task Force regarding the investigation. He was aware that in March 2006,

the Drug Task Force had made a controlled buy of cocaine from an individual. That individual later said one of the sources of the cocaine was an individual known as "Big Mike." The individual had been receiving cocaine from Big Mike beginning in about March 2006, in quantities as high as 1/4 ounce. He paid $300.00 for 1/4 ounce. Big Mike was later determined to be the defendant, Michael J. Twigg.

As the investigation progressed, Special Agent Nicoloff had come to Monongalia County area regarding an immigration case. He learned that the Drug Task Force was looking into another individual regarding cocaine distribution. The Task Force had stopped the individual, who told them that a subject named "Big Mike" from Stewartstown Road, in the Morgantown, West Virginia, area, was the source of his cocaine. The subject also stated he had seen large quantities of cocaine at "Big Mike's" residence on Stewartstown Road.. He saw the cocaine in a Nike shoe box, and also observed a cocaine "press" and cutting agents. The subject indicated that there had been a change in the cutting agent used during that time to creatine, because creatine made the cocaine appear to be in more of a "rock" or solid form, thus appearing more pure, as if cut off the original brick of cocaine. This information was provided to the Task Force.

On or about November 10, 2006, Special Agent Nicoloff received a telephone call from a Task Force officer, stating that Mr. Twigg, who had by then been identified as being "Big Mike," was in the Uniontown Hospital having been shot as the result of his attempting a home invasion.

Upon surveillance of Defendant Twigg's ("Big Mike's") residence, officers stopped and identified a subject, Mark Tusing, who, after being Mirandized, admitted he and Twigg had been selling cocaine and possessed firearms. He admitted that since September of 2006, he and Defendant had sold approximately 10 ounces of cocaine per week, which, Special agent Nicoloff testified, would

6

total in excess of 500 grams. Tusing also identified the source for the cocaine, and said that Defendant had gone to New York with that person to pick up cocaine.

Officers obtained and executed a search warrant for Defendant's residence, during which they found, among other items, four ounces of cocaine, an alarm system, firearms and ammunition, marijuana plants being prepared for an indoor grow, lighting for an indoor grow, a "cocaine press," and cutting agents.

The defendant then stated he had heard and did not disagree with any of Special Agent Nicoloff's testimony. Thereupon, Defendant, Michael J. Twigg, a/k/a "Big Mike," with the consent of his counsel, James B. Zimarowski, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment.

From the testimony of Special Agent Nicoloff, the undersigned Magistrate Judge concludes the offense charged in Count One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Special Agent Nicoloff..

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained Count One of the Indictment herein be accepted conditioned upon the

Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count One of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Defendant is continued in the custody of the United States Marshal pending further proceedings in this case.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 23rd day of February , 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE